# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

REGINALD UNDERWOOD,

    Plaintiff,

v.                                                      Case No. 09-10448

CORRECTIONAL MEDICAL SERVICES, et al.,

    Defendants.
                                            /

## OPINION AND ORDER (1) OVERRULING DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC.'S, HUTCHINSON'S, AND PIPER'S OBJECTIONS; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) GRANTING DEFENDANT PRAMSTALLER'S MOTION FOR SUMMARY JUDGMENT; AND (4) DENYING DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC.'S, HUTCHINSON'S, AND PIPER'S MOTION TO DISMISS

On January 13, 2010, Magistrate Judge Mark A. Randon issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court grant Defendant George Pramstaller's motion for summary judgment and deny the other Defendants' motion to dismiss. On February 1, 2010, all of the Defendants, save Pramstaller, (hereinafter the "CMS Defendants") filed timely objections. Plaintiff responded on February 19, 2010. Having reviewed the filings, the court will overrule the Defendants' objections and adopt the R&R.

## I. BACKGROUND

Plaintiff's complaint alleges an Eighth Amendment deliberate indifference claim against Defendants for failing to provide him with evaluation and treatment for the human immunodeficiency virus ("HIV"). Specifically he alleges that between July 11, 2007, and February 1, 2008, numerous medical care appointments were cancelled or

rescheduled and that he has not received any medical treatment for his alleged HIV condition.

On August 10, 2009, Defendant Pramstaller filed a motion for summary judgment and on October 16, 2010, the CMS Defendants filed a motion to dismiss. In the motion for summary judgment, Defendant Pramstaller argued that summary judgment was appropriate because he was not personally involved with the matters in Plaintiff's complaint and that he was entitled to qualified immunity. The CMS Defendants asserted that the complaint should be dismissed because Plaintiff failed to exhaust administrative remedies. On January 13, 2010, the Magistrate Judge recommended that this court grant Defendant Pramstaller's motion for summary judgment and deny the CMS Defendants' motion to dismiss. On February 1, 2010, the CMS Defendants filed two objections to the Magistrate Judge's R&R, both asserting that the Magistrate Judge erred in his determination that Plaintiff exhausted administrative remedies.

## II. STANDARD

The filing of timely objections to a Magistrate Judge's R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

## III. OBJECTIONS

The CMS Defendants make two objections to the Magistrate Judge's report and recommendation. After reviewing each objection and the underlying facts de novo, the court will overrule Defendants' objections and adopt the Magistrate Judge's report.

### A. Objection No. 1

The CMS Defendants argue that the Magistrate Judge erred by rejecting their argument that Plaintiff failed to exhaust administrative remedies because his grievance did not state any wrongdoing on their part. (Defs.' Objs. 3.) The Magistrate Judge reasoned that a grievance is sufficiently detailed if it gives prison officials notice of the alleged mistreatment or misconduct. *See Spencer v. Bouchard*, 449 F.3d 721, 725-26 (6th Cir. 2006). Plaintiff's grievance states that he has been diagnosed with HIV and that the CMS Defendants are responsible for "the offensively conspicuous denial of [his] medical care." Moreover, he lists several appointments for HIV evaluation and treatment that were cancelled or rescheduled and he states that the Defendants were responsible for this denial of care and that, given their knowledge of his HIV status, this amounts to deliberate indifference. The court agrees with the Magistrate Judge that this is enough to allege misconduct or mistreatment on the part of the CMS Defendants. Aside from restating the argument in their brief supporting their motion to dismiss, the CMS Defendants point to no error in the Magistrate Judge's analysis. The objection will therefore be overruled.

### B. Objection No. 2

The CMS Defendants also argue that the Magistrate Judge erred in recommending that Plaintiff timely filed his Step III grievance appeal. The denial of

Plaintiff's Step II grievance contains two conflicting dates (November 18, 2008, and December 3, 2008) indicating when the denial was returned to Plaintiff. As the Magistrate Judge correctly reasoned, if the later date controlled, then Plaintiff's Step III appeal was timely. The Magistrate Judge recommended that the later date is controlling: in a memo written by Frank Konieczki, the Step II Grievance Coordinator, he informs Plaintiff that, although he did not know where the November date came from, he wrote the December date and initialed it to indicate that it was the date on which the Step II response was returned to Plaintiff. The CMS Defendants object to this reasoning:

> However, such reading of the Step II Grievance Response form erroneously alters the interpretation of the pertinent timeframes as applied by the staff who processed Plaintiff's Grievance in real time. Specifically, in processing Plaintiff's Step III Grievance Response, staff relied on the November 18, 2008 date as the date upon which Plaintiff received his Step II Response.

(Defs.' Objs. 5.) The CMS Defendants' objection is, to say the least, cryptic. It appears that they are arguing that court should use the November date because that is the date on which the "staff relied" in "real time." This argument fails because an erroneous determination of the timeliness of a grievance appeal by administrative authorities does not require the court to make the same erroneous determination. The CMS Defendants also argue that Magistrate Judge erred by relying on Plaintiff's "bald allegation" that Konieczki indicated that the December date was the correct one. This objection likewise fails. This is Defendants' motion to dismiss, so it is inappropriate to probe the veracity of a plaintiff's assertions—instead they are taken as true. Also, the CMS Defendants make no response to the Konieczki memo, which was included as an
4

exhibit in Plaintiff's response.  The court will therefore overrule the CMS Defendants' second objection.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the CMS Defendants' Objections [Dkt. # 42] are OVERRULED, and the Magistrate Judge's Report and Recommendation [Dkt. # 41] is ADOPTED AND INCORPORATED BY REFERENCE.

IT IS FURTHERED ORDERED that Defendant Pramstaller's motion for summary judgment [Dkt. # 19] is GRANTED.

IT IS FURTHER ORDERED that the CMS Defendants' motion to dismiss [Dkt. # 27] is DENIED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

DATED:  March 19, 2010

---

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 19, 2010.

                                                s/Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager